## WING *vs.* HARRIS.

1. Ordinarily, if a bill of exception be not certified by the clerk according to law, it may be withdrawn from this court and returned to the clerk, in order that he may certify it properly; but where an entry of filing made by the clerk on the bill of exceptions has been obliterated by counsel for plaintiff in error and a new entry of filing has been made thereon, this court will not send it back to be properly certified, but will dismiss the case on motion. No matter how honestly such an obliteration may be made, it is illegal.

2. If service of the bill of exceptions had been made and entered by the sheriff after the filing thereof, by handing a copy to the defendant in error, without any alteration or obliteration of entries thereon, this would not have worked a dismissal, but where an obliteration of an entry of filing was made by counsel, the sheriff could not serve a copy of the original bill of exceptions unaltered, and the case will be dismissed for want of proper service.

January 26, 1886.

Practice in Supreme Court. At October Term, 1885.

A motion to dismiss this writ of error was made on three grounds:

(1.) Because, after the bill of exceptions was filed in the clerk's office in the court below, it was sent to the attorney for the plaintiff in error, the entry of filing was erased. and a second filing was entered.

(2.) Because, after this erasure and the second filing, a copy of the bill of exceptions was served by the sheriff on the attorney for the defendant in error.

(3.) Because there was no certificate to the bill of exceptions of the clerk, stating it to be the true, original bill.

Counsel for the plaintiff in error moved for an order allowing the withdrawal of the bill of exceptions, and directing the clerk to properly certify it and return it during the call of the cases on the circuit to which it belonged,

The bill of exceptions shows that an entry of filing was. made on the back, and was erased and blotted out with ink. A second entry of filing was made July 1, 1885, and the clerk entered on the bill the following statement.

Wing *vs.* Harris.

"This paper first filed June 25. Attorneys, in making service, scratched filing out, and paper refiled July 1, 1885.

(Signed)                                        W. R. BARCLAY, C. S. C."

W. A. WAY, for plaintiff in error.

W. W. FRASER, for defendant.

JACKSON, Chief Justice.

A motion is made to dismiss this writ of error on two grounds: first, because there is no certificate that the bill of exceptions is the true, original bill of exceptions; and second, because it was served after having been filed in the clerk's office.

1. The writ of error must be dismissed on the first ground. Counsel for plaintiff in error moved to withdraw the bill of exceptions, and have it returned to the clerk, that he might certify it according to law. That has been frequently done; but in this case, it cannot be allowed, for the reason that the bill of exceptions has been blurred and blotted by having the first filing of it by the clerk obliterated by counsel for plaintiff in error. When it was so filed, it became the paper upon which was the writ of error that authorized this court to review the case below and any alteration of it by obliteration of anything in, or upon it, by counsel, was an illegal alteration of the paper, which, when filed, contained that writ of error, and was an essential part of the record to be forwarded here; indeed, it was the paper which alone gave this court jurisdiction to hear this cause. Therefore this court will not send it back to have a proper certificate put upon it by the clerk, when counsel altered it, no matter how honestly or with what good intentions the obliteration was made. *Markham vs. Huff*, 72 *Ga.*, 106, 110, 112; *Darby vs. The Wesleyan Female College*, 72 *Id.*, 212; *Davis vs. Bennett, Ib.*, 763, 766.

2. If service of this writ of error had been made by

the sheriff, by that officer's handing a copy thereof to the defendant in error after it was filed, without any alteration or obliteration of entries upon it, the case would not have been dismissed, on the ground that it was so served after the filing; but when this obliteration was made, no copy of the pure paper, with the official entries thereon, could be served by the sheriff; but the service must have been with a copy of something else than the original bill of exceptions with the official entries upon it; and therefore no service of the true, original bill of exceptions. Therefore the writ of error must be dismissed on both grounds, and for the same cause in both, because of the obliteration of the clerk's entry thereon. The court must guard its records from all alterations by parties or their counsel; and especially the bill of exceptions, which is that paper that the presiding judge's signature to its correctness makes the only authority for jurisdiction in this court.

Writ of error dismissed.